NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNEST LEE COX, Jr.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SCOTT KERNAN, Secretary of CDCR; JOE A. LIZARRAGA, Warden; L. OLIVAS; R. GRIMES; M. ALLEN,<br><br>Defendants-Appellees. | No. 21-17131<br><br>D.C. No. 2:19-cv-01637-JAM-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 20, 2023[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Ernest Cox appeals pro se from the district court's dismissal of his Second Amended Complaint. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal courts accord the same preclusive effect to state court judgments as the courts in the state rendering the judgment would. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (citing 28 U.S.C. § 1738). Under California law, claim preclusion bars a second suit when the first suit involved: (1) the same cause of action; (2) the same parties; and (3) a final judgment on the merits. *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015).

Cox's current complaint is part of the same cause of action as his habeas petitions because he alleges the same harm to his due process rights, arising from the same purported violations in the RVR hearing. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010) (describing California's "primary rights theory"). Allen is in privity with Kernan, the respondent in the habeas petitions, because they are agents of the same government. *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government . . . ."). Finally, the state courts' denials of Cox's habeas petitions under the "some evidence" standard were reasoned decisions on the merits. *Cf. Gonzalez v. Dep't of Corr.*, 739 F.3d 1226, 1234 (9th Cir. 2014).

The three elements of claim preclusion under California law are satisfied. Cox was barred from bringing the second action. We do not consider the other arguments presented by Cox.

**AFFIRMED**. Allen's motion requesting this court to take judicial notice of

two district court documents is **GRANTED**.  We construe Cox's filing (Dkt. No. 31) as a motion to supplement the record.  The motion to supplement the record is **DENIED**.